By the Court.—Sedgwick, Ch. J.
The plaintiff was a workman in an iron foundry, in which the defendants did business. He was in their employment ; he had been directed to mend some part of a crane in the building, and had gone to the crane and was about to begin work upon it. This crane had been used to lift and move a flask, which was a heavy box of wood and iron. The movable top or cover of this box is called a cope. The box was intended for moulding iron, but at the time was empty. There was evidence that the habit was to lift and move the cope apart from the rest of the box by the crane. The crane being out of order, one of defendant’s foremen ordered the workmen near to turn over by hand either the whole of the flask or the cope by itself. The testimony is indefinite on this point. They proceeded to do so ; the result was such, that, according to the testimony, the men were holding up the cope, with its lower edge resting on the ground, when the plaintiff was between it and the crane. The purpose of the men was to let the cope fall on the ground, so that it would clear the crane. As its edge at first rested on the ground, it could not fall back without striking the crane, and in order to push the edge further from the crane, one of the men, by means of a crow-bar, pried it along. This man, after prying it some six or seven inches, applied the crow-bar again, and, as the witness testified, the act disturbed the balance of the cope, and suddenly threw additional weight upon the men, who had been safely holding it, and they allowed it to fall, because the weight came so suddenly upon them. The evidence showed that they were competent to hold it, so far as its weight was concerned, in either of the movements of the flask or cope, for in fact they had managed it safely. The plaintiff’s counsel on the argument placed defendants’ negligence upon a direction of their foreman *35 to move the flask or cope by hand, instead of by the crane. The defendants did not have at the time the crane to use, as it was out of order, and the facts do not require a consideration of a duty to use a certainly safer method, than one that is sufficiently safe in itself. The obligation of the defendants in the most favorable view for plaintiff, was to use ordinary precaution in selecting a safe method. There was no proof, and in the nature of things there could not be, that in allowing the cope or flask to be turned over by hand, there was a duty of entertaining the possibility of some one being in the way when the cope fell over ; and if no one was in the way, it is clear that the falling of the cope would endanger no one. As to the defendants’ obligation to foresee that some one might be in the way, the plaintiff’s being at the place where he was hurt was a fortuitous occurrence. And, indeed, it is not correct to say that he was where he was by order of defendants, through their foreman. That order would have been obeyed if the plaintiff had taken a position where the cope could not have fallen upon him. But the falling that did happen was in fact occasioned not because a machine was not holding up the cope, but because a sudden prying of it disturbed its balance. It is impossible to see on the present testimony that this prying was negligently done, or if it were, that the defendants would be liable for an act that presented an ordinary risk of an employment into which the plaintiff had voluntarily entered.
I am of opinion that the judgment should be affirmed, with costs.
O’Gorman and Ingraham, JJ., concurred.